UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-20710
CIV-JORDAN
/TORRES

GABINA MALDONADO, as
Personal Representative of the Estate of
Alvin Maldonado,

    Plaintiff,

vs.

THE FIRST LIBERTY
INSURANCE CORPORATION,

    Defendant.
_____/



## NOTICE OF REMOVAL

Defendant, The First Liberty Insurance Corporation ("First Liberty"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Circuit Court in and for Miami-Dade County, Florida, where the action is now pending, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

1.    On or about February 23, 2007, Plaintiff filed her complaint in the Circuit Court in and for Miami-Dade County, Florida, entitled <u>Gabina Maldonado v. The First Liberty Insurance Corporation</u>, Case No. 07-05402 CA 06 (hereinafter referred to as the "Circuit Court Action"). A true and correct copy of all documents that were served upon First Liberty in the Circuit Court Action are attached hereto as Composite Exhibit A. First Liberty is the only named defendant in the action.

{M2528994;1}

2. On February 26, 2007, a copy of the Circuit Court Action was served upon First Liberty, via service upon First Liberty's counsel pursuant to the parties' agreement. This constitutes First Liberty's first legal notice of the Circuit Court Action for purposes of removal.

3. Plaintiff is a citizen of Florida. See Complaint at ¶ 2-5.

4. First Liberty is an Iowa corporation, with a principal place of business in Boston, Massachusetts. See Complaint at ¶ 6; Affidavit of James Pugh, attached hereto as Exhibit B, at ¶ 3. Therefore, First Liberty is a citizen of Iowa and Massachusetts.

5. There is complete diversity of citizenship, as Plaintiff is a citizen of Florida while Defendant is a citizen of Iowa and Massachusetts.

6. The amount in controversy exceeds $75,000, as Plaintiff has demanded $3,000,000 plus additional damages. See Complaint at ¶ 19.

7. Accordingly, this action is a civil action of which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1332(a).

8. For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

9. This Notice of Removal is filed within thirty (30) days after the date on which First Liberty first received notice of the Circuit Court Action. See 28 U.S.C. § 1446(b).

10. First Liberty will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

11. A copy of this notice will be filed with the clerk of the Circuit Court in and for Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, First Liberty, hereby removes this case to the United States District Court for the Southern District of Florida.

Respectfully submitted,

**AKERMAN SENTERFITT**
Attorneys for First Liberty
One Southeast Third Avenue, 28th Floor
Miami, FL 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095

By: _____
MARK S. SHAPIRO
Florida Bar Number: 894631
E-mail: mark.shapiro@akerman.com
GARY J. GUZZI
Florida Bar Number: 159440
E-mail: gary.guzzi@akerman.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served **via U.S. Mail** this ___19___ day of March, 2007 to: **Ed Rubinoff, Esq. and Andrew Moss, Esq.**, Kutner, Rubinoff & Bush, P.A., P.O. Box 9700, Miami, FL 33101-9700.

_____
Attorney

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAM-DADE COUNTY, FLORIDA

Case No:

Florida Bar No: 0170259   07- 05402 CA 06

GABINA MALDONADO, as Personal Representative of the Estate of ALVIN MALDONADO,

Plaintiff,

vs.

THE FIRST LIBERTY INSURANCE CORPORATION,

Defendant.
_____/



ORIGINAL FILED

## COMPLAINT

Plaintiff, GABINA MALDONADO, as Personal Representative of the Estate of ALVIN MALDONADO, sues the Defendant, THE FIRST LIBERTY INSURANCE CORPORATION and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest, and is within the jurisdictional limits of this Court.

2. At all material times, GABINA MALDONADO was a resident of Miami-Dade County, Florida.

3. At all material times, ALVIN MALDONADO, deceased, was a resident of Miami-Dade County, Florida.

4. GABINA MALDONADO is the wife of the deceased, ALVIN MALDONADO, and is a survivor under the terms of the Florida Wrongful Death Act. ALVIN and GABINA MALDONADO are the parents of three children, Alex Maldonado, Ariel Maldonado, and Melissa Maldonado, who are also survivors under the terms of the Florida Wrongful Death Act.

5. GABINA MALDONADO is the personal representative of the Estate of ALVIN MALDONADO.

6. THE FIRST LIBERTY INSURANCE CORPORATION ("FIRST LIBERTY") is a foreign corporation authorized to do business in the State of Florida, and doing business as an insurance carrier in Miami-Dade County, Florida. FIRST LIBERTY issued a policy of automobile insurance, Policy No. A06-258-281824-103, to Carlos Clinche. This policy was issued in Miami-Dade County, Florida.

7. On or about January 5, 2004, Alvin Maldonado was involved in an automobile accident with Julia Clinche. Mrs. Clinche was driving a vehicle owned by her husband, Carlos Clinche. Alvin Maldonado died as a result of this accident.

8. At the time of the subject incident, the FIRST LIBERTY policy insuring Carlos and Julia Clinche provided automobile insurance with liability limits of $25,000 per person.

9. As a result of the accident, GABINA MALDONADO, on behalf of her husband's estate, filed a lawsuit against Carlos and Julia Clinche. This suit is styled *Maldonado v. Clinche*, Case No. 04-27066 CA 5 in the Circuit Court of the 11th Judicial Circuit In and For Miami-Dade County, Florida.

2

10. On or about January 28, 2004, Barry M. Snyder, Esq., the attorney for the ESTATE OF ALVIN MALDONADO, contacted FIRST LIBERTY and notified FIRST LIBERTY that he represented the Maldonado family. Mr. Snyder notified FIRST LIBERTY that any settlement would require an affidavit from the insureds setting forth the availability of any additional insurance coverage and the <u>extent of their assets</u>.

11. On January 29, 2006, FIRST LIBERTY offered $25,000 to settle the claim and provided a Release. FIRST LIBERTY further notified Mr. Snyder that its insureds had been forwarded "an affidavit concerning assets and additional insurance." The form affidavit provided by FIRST LIBERTY merely stated: "I have no assets that would be available to satisfy any claims against me." The affidavits, which were signed Carlos and Julia Clinche, did <u>not</u> say the insureds did not have any assets.

12. Since the affidavits did not state what the insureds' assets were, whether available to satisfy a claim or not, Mr. Snyder requested that the insureds fill out a more detailed financial affidavit. This affidavit included relevant information such as whether the insureds transferred any assets, owned any property, and owned any boats or automobiles.

13. In response to Mr. Snyder's request, FIRST LIBERTY stated that its insureds found "these affidavits very invasive" and having "nothing to do with any assets." Mr. Snyder was also notified that Carlos and Julia Clinche would not complete the affidavits.

14. As a result of Carlos and Julia Clinche and/or FIRST LIBERTY failing to provide an appropriate affidavit concerning the Clinche's assets, a settlement was not reached. The Plaintiff's filed suit against Carlos and Julia Clinche, which resulted in a judgment in favor of the ESTATE OF ALVIN MALDONADO in the amount of $3,000,000.

15.     The Plaintiff has met all conditions precedent to bringing this action. Specifically, the Plaintiff has met the requirements set forth by Florida's nonjoinder statute, §627.4136.

## COUNT I: BAD FAITH

16.     The Plaintiff, GABINA MALDONADO, as Personal Representative of the Estate of ALVIN MALDONADO, re-alleges paragraphs one through fifteen.

17.     In the handling of the Plaintiff's claim against Carlos and Julia Clinche, FIRST LIBERTY had a common law and statutory duty to exercise good faith with due regard to the interests of Carlos and Julia Clinche and/or the Estate of ALVIN MALDONADO. FIRST LIBERTY had a duty to settle the claim brought by the Estate of ALVIN MALDONADO when it could and should have done so, had it acted fairly and honestly toward Carlos and Julia Clinche and/or the Estate of ALVIN MALDONADO with due regard for their interests. FIRST LIBERTY also had a duty to advise its insureds of settlement opportunities, to advise its insureds as to the probably outcome of litigation, to warn its insureds of the possibility of an excess judgment, and to advise its insureds of any steps that they might take to avoid an excess judgment.

18.     FIRST LIBERTY's actions that constitute bad faith include but are not limited to one or more of the following:

(a) Failing to provide its insureds, Carlos and Julia Clinche, with an affidavit that set forth all of their assets.

(b) Failing to recommend that its insureds, Carlos and Julia Clinche, fill out all or a portion of the affidavit provided by Mr. Snyder.

(c) Notifying Mr. Snyder that its insureds would provide "an affidavit concerning assets" and then providing its insureds with a form affidavit that said the insureds did not have any "assets that would be available to satisfy any claims."

4

KUTNER, RUBINOFF & BUSH, P.A. • MAILING ADDRESS, P.O. BOX 9700, MIAMI, FLORIDA 33101-9700
501 NORTHEAST FIRST AVENUE, SUITE 300, MIAMI, FLORIDA 33132-1998
MIAMI (305) 358-6200 • BROWARD (954) 463-6377 • FAX (305) 577-8230

    (d) Failing to fully and adequately advise its insureds of all settlement opportunities.

    (e) Failing to fully and adequately advise its insureds of the probable outcome of litigation.

    (f) Failing to fully and adequately warn its insureds of the possibility of a judgment in excess of their policy limits.

    (g) Failing to fully and adequately advise its insureds of all steps that may be taken to avoid a judgment in excess of their policy limits.

    (h) Failing to fully and adequately advise and inform its insureds why the asset information sought by Mr. Snyder was relevant.

    (i) Failing to fully and adequately advise and inform its insureds that some, if not all, of the information sought by Mr. Snyder was relevant.

    (j) Failing to suggest or recommend that the insureds seek and retain personal counsel to advise them of their legal rights and possible exposure of their personal assets.

19.    As a direct and proximate result of FIRST LIBERTY's bad faith and conduct, the Plaintiff, GABINA MALDONADO, as Personal Representative of the Estate of ALVIN MALDONADO, is entitled to the full amount of damages, to wit, $3,000,000, plus interest, as well as attorneys fees and costs for the prosecution of this action.

**WHEREFORE**, the Plaintiff, GABINA MALDONADO, as Personal Representative of the Estate of ALVIN MALDONADO, demands $3,000,000.00, plus interest, attorney's fees and costs, and further demands trial by jury of all issues triable as of right.

KUTNER, RUBINOFF & BUSH, P.A. • MAILING ADDRESS, P.O. BOX 9700, MIAMI, FLORIDA 33101-9700
501 NORTHEAST FIRST AVENUE, SUITE 300, MIAMI, FLORIDA 33132-1998
MIAMI (305) 358-6200 • BROWARD (954) 462-6377 • FAX (305) 577-8230

*Maldonado v. The First Liberty Ins. Corp.*

DATED this **22nd** day of February 2007.

        KUTNER, RUBINOFF & BUSH, P.A.
        Attorneys for Plaintiffs
        P.O. Box 9700
        Miami, Florida 33101-9700
        Miami, FL 33101-9700
        Phone: 305/358-6200
        Fax:   305/577-8230

BY _____
        **EDWARD G. RUBINOFF**
        Florida Bar No. 097785
        *rubinoff@krblaw.net*
        **ANDREW M. MOSS**
        Florida Bar No. 0170259
        *moss@krblaw.net*

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAM-DADE COUNTY, FLORIDA

Case No: 07-054

GABINA MALDONADO, as Personal Representative of the Estate of ALVIN MALDONADO,

Florida Bar No: 0170259

Plaintiff,

vs.

THE FIRST LIBERTY INSURANCE CORPORATION,

Defendant.

_____/

### REQUEST FOR PRODUCTION TO DEFENDANT

The Plaintiff, GABINA MALDONADO, as Personal Representative of the Estate of ALVIN MALDONADO, requests the Defendant, THE FIRST LIBERTY INSURANCE CORPORATION, to produce for inspection and/or copying within 45 days of service of the Complaint, the following:

1. Your entire claim file for Claim No. LA518-4234092-03.

2. All correspondence from the Defendant, its attorneys, and/or its agents to any person or entity regarding Claim No. LA518-4234092-03 from January 4, 2004 to November 7, 2006.

3. All correspondence to the Defendant, its attorneys, and/or its agents regarding Claim No. LA518-4234092-03 from January 4, 2004 to November 7, 2006.

4. All correspondence between the Defendant, its attorneys, and/or its agents and Carlos and Julia Clinche regarding Claim No. LA518-4234092-03 from January 4, 2004 to November 7, 2006.

5. A blank copy of the "Affidavit Concerning Assets and Additional Insurance" (document is identified as M1804429;1).

6. A blank copy of any additional form/blank affidavits that the Defendant has that mentions assets of an insured.

7. All electronic mail to or from the Defendant, its attorneys, and/or its agents regarding Claim No. LA518-4234092-03 from January 4, 2004 to November 7, 2006.

8. All internal electronic logs or other data maintained by the Defendant, its attorneys, and/or its agents regarding Claim No. LA518-4234092-03 from January 4, 2004 to November 7, 2006. (Please provide printouts of this data, if possible. If not possible or only partially possible, please provide a description of how this data is maintained and provide dates for its inspection.)

*If any objections are raised, please see* Allstate v. Ruiz, *899 So.2d 1121 (Fla. 2005) for the basis and scope of the above requests.*

## Certificate of Service

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served with the Complaint.

        KUTNER, RUBINOFF & BUSH, P.A.
        P.O. Box 9700
        Miami, FL 33101-9700
        Phone: (305) 358-6200
        Fax:   (305) 577-8230
        E-mail: moss@krblaw.net

BY: _____
      ANDREW M. MOSS

2

# CIVIL COVER SHEET

**07-20710**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE SIDE OF THE FORM.)

**CIV-JORDAN / TORRES**

| I(a) PLAINTIFF | DEFENDANTS |
|---|---|
| GABINA MALDONADO, as Personal Representative of the Estate of Alvin Maldonado | THE FIRST LIBERTY INSURANCE CORPORATION |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) MIAMI-DADE | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Ed Rubinoff, Esq./ Andrew M. Moss, Esq. Kutner, Rubinoff & Bush, P.A. P.O. Box 9700 Miami, FL 33101-9700 Telephone: 305-358-6200 | ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Mark S. Shapiro, Esq. / Gary J. Guzzi, Esq. Akerman Senterfitt One S.E. Third Ave., 25th FL Miami, FL 33131 Telephone: 305-374-5600 |

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** MIAMI-DADE

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

07-20710-CIV-Jordan / Torres

1. U.S. Government Plaintiff
2. U.S. Government Defendant
3. Federal Question (U.S. Government Not a Party)
4. X Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | 1 | Incorporated and Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | X 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION**
Fla. Statute § 624.155 – Insurance Bad Faith

**IVa.** _5_ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| X 110 Insurance | **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 States Reappointment |
| □ 120 Marine | □ 310 Airplane | □ 620 Other Food & Drug | □ 423 Withdrawal 28 USC 157 | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product Liability | □ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | □ 362 Personal Injury-Med Malpractice | □ 820 Copyrights | □ 450 Commerce/ICC Rates/etc B |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers' Liability | □ 365 Personal Injury-Product Liability | □ 830 Patent | □ 460 Deportation |
| □ 151 Medicare Act | □ 340 Marine | □ 368 Asbestos Personnel Injury | □ 840 Trademark | □ 470 Racketeer Influenced and Corrupt Organizations |
| □ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | □ 345 Marine Product Liability | **PERSONAL PROPERTY** | | □ 810 Selective Service |
| □ 153 Recovery of Overpayment of Veteran's Benefits B | □ 350 Motor Vehicle | □ 370 Other Fraud | **B SOCIAL SECURITY** | □ 850 Securities/Commodities/ Exchange |
| □ 160 Stockholder's Suits | □ 355 Motor Vehicle Product Liability | □ 371 Truth in Lending B | □ 861 HIA (1395f) | □ 875 Customer Challenge 12 USC 3410 |
| □ 190 Other Contract | □ 360 Other Personal Injury | □ 380 Other Personal Property Damage | □ 862 Black Lung (923) | □ 891 Agricultural Acts |
| □ 195 Contract Product Liability | | □ 385 Property Damage Product Liability | □ 863 DIWC/DIWW (405(g)) | □ 892 Economic Stabilization Act |
| | | | □ 864 SSID Title XVI | □ 893 Environmental Matters |
| | | **A LABOR** | □ RSI (405(g)) | □ 894 Energy Allocation Act |
| | | □ 710 Fair Labor Standards Act | | □ 895 Freedom of Information Act |
| | | □ 720 Labor Management Relations B | | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | □ 730 Labor Management Reporting & Disclosure Act | □ 950 Constitutionality of State Statutes |
| □ 210 Land Condemnation | □ 441 Voting | □ Motions to Vacate Sentence Habeas Corpus | □ Railway Labor Act | □ 890 Other Statutory Actions* * A or B |
| □ 220 Foreclosure B | □ 442 Employment | □ 530 General | □ 790 Other Labor Litigation | |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/Accommodations | □ 535 Death Penalty | □ 791 Employee Ret. Inc. Security Act B | **A FEDERAL TAX SUITS** |
| □ 240 Torts to Land | □ 444 Welfare | □ 540 Mandamus and Other* | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 245 Tort Product Liability | □ 440 Other Civil Rights | □ 550 Civil Rights * A or B | | □ 871 IRS-Third Party 26 USC 7609 |
| □ 290 All Other Real Property | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
□ Original Proceeding  X Removed from State Court  □ Remanded from Appellate Court  □ Refiled  □ Transferred from another district (specify)  □ 6 Multidistrict Litigation  □ Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A
□ UNDER F.R.C.P. 23
CLASS ACTION
DEMAND $ _____
□ Check YES only if demanded in complaint
**JURY DEMAND:** X yes  NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions)
JUDGE _____  JUDGE _____

DATE March 19, 2007
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
FOR OFFICE USE ONLY: Receipt No. 956783  Amount $250.00

03/19/07

{M2529867;1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# ATTACHMENT(S) NOT SCANNED

# PLEASE REFER TO COURT FILE MAINTAINED IN THE OFFICE WHERE THE JUDGE IS CHAMBERED

CASE NO. **07-20710-CV-JORDAN**

- ☐ VOLUMINOUS (exceeds 999 pages = 4 inches) consisting of (boxes, notebooks, etc.) _____
- ☐ BOUND EXTRADITION PAPERS
- ☐ ADMINISTRATIVE RECORD (Social Security)
- ☐ ORIGINAL BANKRUPTCY TRANSCRIPT
- ☐ STATE COURT RECORD (Habeas Cases)
- ☐ SOUTHERN DISTRICT TRANSCRIPTS
- ☐ LEGAL SIZE
- ☐ DOUBLE SIDED
- ☐ PHOTOGRAPHS
- ☐ POOR QUALITY (e.g. light print, dark print, etc.)
- ☐ SURETY BOND (original or letter of undertaking)
- ☒ CD's, DVD's, VHS Tapes, Cassette Tapes
- ☐ OTHER = _____